UNITED STATES of America,

v.

**Arnold WHITE, Appellant.**

No. 01–3391.

United States Court of Appeals,
Third Circuit.

Submitted Under Third Circuit LAR
34.1(a) on April 22, 2002.

Filed April 30, 2002.

Before SCIRICA, RENDELL and
NOONAN,* Circuit Judges.

OPINION OF THE COURT

RENDELL, Circuit Judge.

Arnold White appeals from judgment of
conviction and sentence entered by the
District Court on August 27, 2001. Be-
cause we write only for the parties, who
are familiar with the facts, we need not set

---

* The Honorable Jane A. Restani, Judge, United
  States Court of International Trade, sitting by
  designation.

* The Honorable John T. Noonan, Jr., Senior
  Circuit Judge for the Ninth Circuit, sitting by
  designation.

forth the facts and procedural history of the case at length. We exercise jurisdiction pursuant to 28 U.S.C. § 1291. Our standard of review is for abuse of discretion.

On April 6, 2000, a federal grand jury sitting in Newark, New Jersey, returned a fifteen-count indictment against Arnold White for fraudulent preparation of income tax returns in violation of 26 U.S.C. § 7206(2). After a trial lasting from December 5, 2000 to December 8, 2000, White was found guilty; he was sentenced on August 23, 2001.

During the trial, the District Court allowed the Government to cross-examine White, for the purpose of impeachment, by reference to six tax returns that he had prepared, that were not the subject of the indictment against him. White now appeals his conviction, claiming the District Court erred in allowing this line of inquiry.

The District Court allowed the Government to cross examine Arnold White about these six income tax returns. In each instance very large deductions were claimed in the same three categories as in the 15 returns charged under indictment. The District Court considered White's objection, and engaged in a balancing analysis under Federal Rule of Evidence 403 before allowing the Government to cross-examine White. The District Court found that the inquiry, which went to White's credibility, was relevant, supported by a good-faith basis on the part of the Government, and not outweighed by substantial prejudice. The court reasoned that the Government was not required, indeed was not permitted, to introduce this extrinsic evidence to support these instances of misconduct, but was introducing them only to attack the defendant's credibility. The District Court declined to give a specific instruction to the jury regarding this testimony, but instructed generally that attorneys' questions were not evidence.

We find that while White makes persuasive argument that the reference to these returns may have been improper in that there was no foundation and the jury may have been confused as to the limited purpose for which they were used, nonetheless we find their use to have been harmless. There was overwhelming evidence of White's fraudulent preparation of the tax returns at issue, including specific testimony from nine taxpayers who testified that they had not incurred the exorbitant expenses charged, and never instructed White to claim such deductions.

Accordingly, the District Court's order of August 27, 2001 will be affirmed.